| | |
|---|---|
| TRACY ANTHONY MILLER, ) ) Petitioner, ) ) v. ) ) VICTOR W. WALKER and THURBERT ) E. BAKER, ) ) Respondents. ) | CV 109-131 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tracy Anthony Miller brings the above-styled petition for a writ of habeas corpus against Victor W. Walker, Warden of Augusta State Medical Prison, and Thurbert E. Baker, Attorney General for the State of Georgia. Although Petitioner suggests that his claims are brought pursuant to 28 U.S.C. § 2241, the petition is actually a request for relief pursuant to 28 U.S.C. § 2254. As this is Petitioner's fifth petition for relief under § 2254, filed without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

This is not the first time Petitioner has requested habeas corpus relief in federal court; he previously filed a petition for habeas corpus relief in 1996. Miller v. Sikes, CV 196-195

(S.D. Ga. Nov. 21, 1996) ("CV 196-195"). That petition was denied by Order of the Honorable William T. Moore, Jr., Chief United States District Judge, on November 6, 1998. Id., doc. no. 111. Both Chief Judge Moore and the Eleventh Circuit Court of Appeals refused to issue a Certificate of Appealability (id., doc. nos. 128, 141), thereby concluding Petitioner's habeas proceedings. Undeterred, Petitioner continued to file papers in CV 196-195 until this Court entered an Order on January 9, 2003 that directed the Clerk of Court not to accept any further filings from Petitioner bearing the Civil Action Number 196-195. Id., doc. no. 145.

Petitioner also proceeded to file several other habeas petitions challenging the same convictions that were dismissed as second or successive. See Miller v. Hall, CV 101-119, doc. no. 9, *adopting* doc. no. 3 (S.D. Ga. Oct. 2, 2001) ("CV 101-119"); Miller v. All Georgia Judges, CV 104-082, doc. no. 21, *adopting* doc. no. 10 (S.D. Ga. July 21, 2004) ("CV 104-082"); Miller v. Chase, CV 105-093, doc. no. 5, *adopting* doc. no. 1 (S.D. Ga. Aug. 11, 2005) ("CV 105-093").[1] Notably, after the Honorable Dudley H. Bowen, Jr., United States District Judge, dismissed the § 2254 petition filed in CV 101-119 as second or successive, Petitioner filed his habeas petitions in CV 104-082 and CV 105-093 pursuant to § 2241 in an attempt to circumvent the gatekeeping provision of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, that bans

---

[1] As noted in the Report and Recommendation entered in CV 105-093, Petitioner originally filed his habeas petition in that case in the Middle District of Georgia as a petition pursuant to 28 U.S.C. § 2241. See Miller v. Chase, CV 505-149, doc. no. 1 (M.D. Ga. May 5, 2005). The Honorable Claude W. Hicks, United States Magistrate Judge, construed the petition as one brought pursuant to 28 U.S.C. § 2254 and transferred it to this District. Id., doc. no. 7.

petitioners from filing second or successive petitions for habeas corpus relief in the district courts. See 28 U.S.C. § 2244(b)(3)(A).[2] However, because Petitioner was actually requesting relief pursuant to § 2254, rather than § 2241, the Court treated the petitions filed in CV 104-082 and CV 105-083 as ones filed pursuant to § 2254, and as noted above, they were accordingly dismissed as second or successive. See CV 104-082, doc. no. 10, p. 5 & doc. no. 21; CV 105-083, doc. no. 1, pp. 4-5 & doc. no. 5.

Now, Petitioner is back before the Court, ostensibly seeking relief pursuant to 28 U.S.C. § 2241. In keeping with past practice, his petition is a rambling, virtually incoherent "stream of consciousness" narrative that challenges the state court proceedings in Burke County that led to his convictions for murder and burglary.[3]

## II. DISCUSSION

### A. Nature of Petition

The label placed on the petition by Petitioner does not prevent the Court from considering the filing for what the substance shows it to be, namely a request for relief pursuant to 28 U.S.C. § 2254. Indeed, the Eleventh Circuit has endorsed the practice of looking beyond the title of a document in order to properly analyze its substance. See, e.g., Spivey v. State Bd. of Pardons & Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per*

---

[2]This gatekeeping provision is discussed in more detail in Part II.C, *infra*.

[3]Petitioner appears to be challenging the validity of his burglary conviction on the grounds of double jeopardy, ineffective assistance of counsel, insufficiency of the evidence, insufficiency of the indictment or information, and erroneous jury instructions. (See doc. no. 1, pp. 7-8, 10-13). Petitioner also appears to be challenging his sentence on the burglary conviction (which he states was imposed to run consecutively to his life sentence for murder), contending that certain factors used to enhance his sentence were not found by a jury beyond a reasonable doubt. (Id. at 9-10).

3

*curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons & Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

An examination of the instant petition shows that it is a request for the type of relief afforded by 28 U.S.C. § 2254. According to the relevant provisions of § 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Here, there is no question that Petitioner is "in custody pursuant to the judgment of a State Court." Nor is there any question that he is attempting to attack the underlying basis of his convictions that led to his current incarceration.

As he has done before, Petitioner is once again clearly attempting to circumvent the gatekeeping provision of the AEDPA that bans petitioners from filing second or successive petitions for habeas corpus relief in the district courts. See 28 U.S.C. § 2244(b)(3)(A).[4] The Eleventh Circuit has addressed this practice of state prisoners attempting to use § 2241 to circumvent the more restrictive requirements of § 2254:

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ--to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are

---

[4]This gatekeeping provision is discussed in more detail in Part II.C, *infra*.

4

subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, *e.g.*, a pre-trial bond order, then his petition is not subject to § 2254.

Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003); see also Cook v. New York State Div. of Parole, 321 F.3d 274, 277 (2d Cir. 2003) (recognizing that merely invoking § 2241 in the title of a document does not "require the district court to treat it as a section 2241 petition. On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." (Citation omitted)).

Here, Petitioner does not offer any valid reason for bringing his request for relief under § 2241 rather than under § 2254.[5] Instead, he simply launches into the reasons he believes that his convictions should be overturned. Thus, as substance governs over form, the Court will treat Petitioner's instant application for habeas corpus relief as one filed pursuant to § 2254.

---

[5]The Court recognizes Petitioner's argument that he should be permitted to bring this petition pursuant to § 2241, rather than § 2254, because he is challenging a future sentence that may be imposed based on his burglary conviction (following the completion of his sentence on the murder conviction) and that but for the burglary conviction, he would be eligible for parole. (Doc. no. 1, pp. 4, 7). Despite Petitioner's assertion to the contrary, a petition pursuant to § 2254 is the proper method for challenging his future sentence because he is "in custody pursuant to the judgment of a State Court," 28 U.S.C. § 2254(a), and a judgment imposing a term of incarceration has been entered against him as to the burglary conviction. See Parks v. Bledsoe, No. 08-2275, 2009 WL 3401173, at *3-4 (D.N.J. Oct. 21, 2009) (citing Peyton v. Rowe, 391 U.S. 54 (1968)) (noting that § 2254 petitions may be used to attack future sentences but finding no jurisdiction under § 2254 because no judgment had yet been entered imposing a term of incarceration to be served upon completion of the inmate's current sentence).

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Accordingly, the Court proceeds to screen the instant petition in accordance with Rule 4.

### B.  Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). Within this Court's records is the prior application by Petitioner for a writ of habeas corpus that was denied by Chief Judge Moore on the merits. See CV 196-195, doc. no. 111. Also within this Court's records are Petitioner's subsequent § 2254 petitions that were dismissed by Judge Bowen as second or successive. See CV 101-119, doc. no. 9; CV 104-082, doc. no. 21; CV 105-093, doc. no. 5. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed four prior applications for a writ of habeas corpus pursuant to § 2254, thereby making the current application his fifth application with this Court.

### C.  Second and Successive Applications for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the AEDPA, states, "Before a second or successive [habeas corpus] application[6] permitted by this section

---

[6] With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it

6

is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C § 2244(b)(3)(A).[7] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v.

---

is comprised of previously unexhausted claims. Burton v. Stewart, 549 U.S. 147, 154-55 (2007) (*per curiam*) (finding that prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles). In Petitioner's first federal habeas petition, the Court found that Petitioner had procedurally defaulted several of his claims and that his remaining claims did not entitle him to habeas corpus relief under 28 U.S.C. § 2254. See CV 195-196, doc. no. 111, *adopting* doc. no. 84. As such, Petitioner's first federal petition for habeas corpus relief was denied on the merits, and the instant petition is therefore deemed a "second or successive" petition.

[7]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . ." Id.).

As noted above, Petitioner has not stated that he has sought or received permission from the Eleventh Circuit to file a second or successive application for a writ of habeas corpus, and this Court has received no authorization to address such an application from Petitioner.[8] As a result, this Court lacks the authority to address Petitioner's application.

---

[8]Notably, Petitioner has sought--and been denied--authorization from the Eleventh Circuit Court of Appeals to file a second or successive petition on several other occasions. See In re Miller, No. 09-12981-G (11th Cir. July 1, 2009); In re Miller, No. 06-11199-B (11th Cir. Mar. 8, 2006); In re Miller, No. 05-10199-I (11th Cir. Jan. 28, 2005); In re Miller, No. 04-14133-G (11th Cir. Sept. 1, 2004); In re Miller, No. 03-15753-G (11th Cir. Nov. 26, 2003); In re Miller, No. 03-13898-C (11th Cir. Aug. 20, 2003); In re Miller, No. 03-12867-A (11th Cir. June 25, 2003); In re Miller, 02-12526-F (11th Cir. May 29, 2002).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a fifth application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE